BORINQUEN HOME CORPORATION y RAMÓN NEVARES, peticionarios, *v.* JUNTA DE PLANIFICACIÓN, URBANIZACIÓN Y ZONIFICACIÓN DE PUERTO RICO, querellada.

Núm. 7.—*Sometido:* Enero 13, 1948. *Resuelto:* Julio 20, 1948.

*Ramón Luis Nevares, R. Rivera Zayas* y *G. Rivera Cestero,* abogados de los peticionarios; *Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la querellada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Acogiéndose a lo provisto por el último párrafo del artículo 26 de la Ley número 155 de 14 de mayo de 1943 (págs. 489, 505)([1]) la Borinquen Home Corporation y Ramón Nevares acudieron ante este Tribunal con un recurso de revisión contra la Junta de Planificación, Urbanización y Zonificación de Puerto Rico. Alegan en él que en 16 de enero de 1946 dicha Junta a petición de la Long Construction Company adoptó una resolución aprobando el desarrollo preliminar en el barrio Monacillos de Río Piedras de la urbanización de una parcela de terreno de aproximadamente 65 cuerdas; que a tenor con esa resolución la peticionaria Borinquen Home Corporation, subsidiaria de la Long Construction Corporation, adquirió el derecho a realizar y llevar a cabo el proyecto de urbanización de referencia, y a base de ese derecho los peticionarios llevaron a efecto una serie de relaciones contractuales necesarias para la construcción de la referida urbanización, entre ellas las siguientes: (*a*) el peticionario Ramón Nevares ejercitó la opción de compra que tenía a su favor y adquirió los terrenos ya aprobados para la aludida urbanización; (*b*) dicho peticionario al comprar los mencionados terrenos canceló por confusión de derecho un arrendamiento que sobre los mismos

---

([1])"Cualquier parte interesada en la aprobación, denegación y desaprobación de un plano de lotificación o en la expedición o denegación de un permiso de construcción, sanitario, o de usos de edificios o terrenos contra la cual una petición de revisión haya sido presentada y sobre la misma haya rendido opinión la Junta de Planificación, Urbanización y Zonificación de Puerto Rico o la Junta de Apelaciones de Planificación, Urbanización y Zonificación, según sea el caso, podrá presentar, dentro del término de quince (15) días con posterioridad a la notificación de la misma, copias certificadas de cualesquiera tales decisiones o acciones para su revisión ante la Corte Suprema de Puerto Rico; *Disponiéndose,* que dicha revisión ante la Corte Suprema podrá concederse solamente sobre cuestiones de derecho."

existía a su favor; y (c) el peticionario Nevares se comprometió a venderle a la Borinquen Home Corporation, y ésta a comprarle, la parcela de terreno ya aprobada para urbanización; y en virtud de ese contrato la Borinquen Home Corporation contrató con ingenieros e invirtió dinero en la preparación de planos y compra de equipo mecánico para realizar el proyecto de urbanización. Que el 24 de julio de 1946 la Junta sin citar, sin vistas y sin oír a ninguno de los peticionarios aprobó un proyecto para la ampliación del cementerio municipal de Río Piedras, que cubría un predio de 25.14 cuerdas propiedad del peticionario Nevares y que forma parte del proyecto y de los mismos terrenos aprobados por la indicada Junta para urbanización en 16 de enero de 1946; que esa parcela de 25.14 cuerdas cubre todo el frente a la carretera de Río Piedras a Guaynabo del proyecto de urbanización ya referido; que la resolución aprobando la ampliación del Cementerio Municipal de Río Piedras no fué notificada a los peticionarios por la Junta, pero al enterarse de ello por conducto privado el peticionario Nevares, tanto éste como la otra peticionaria solicitaron por escrito la reconsideración de dicha resolución; que la Junta señaló para vista dichas mociones y a la misma comparecieron los peticionarios y que practicada prueba y oídas las partes la Junta se reservó el fallo y posteriormente desestimó las mociones de reconsideración.

En respuesta a la solicitud presentada, este Tribunal dictó resolución requiriendo a la Junta el envío de los expedientes de los casos en ella mencionados. Luego de archivados los alegatos de rigor el recurso ha quedado sometido a nuestra consideración.

Sostienen los peticionarios: (1) que la acción de la Junta querellada al aprobar el proyecto sobre ampliación del Cementerio de Río Piedras y al desestimar su solicitud de reconsideración es errónea y contraria a derecho y les priva

de su propiedad sin el debido proceso de ley, ya que pretende despojarlos de derechos adquiridos al amparo de la resolución de 16 de enero de 1946; (2) que la acción posterior de la Junta al aprobar el proyecto y ampliación del indicado cementerio es irrazonable y arbitraria, toda vez que cuando la misma se aprobó había ocurrido un cambio en el *status* de los peticionarios y sus propiedades; (3) que la contención de la Junta al efecto de que las Leyes núms. 166 de 1945 y 354 de 1946 le imponen la obligación de aprobar la aludida ampliación es errónea, ya que dichas leyes se refieren a terrenos colindantes y los envueltos en este recurso no son terrenos colindantes con el cementerio municipal de Río Piedras; (4) que la Junta erró al revocar el permiso concedido a la peticionaria Borinquen Home Corporation para urbanizar terrenos, al amparo del cual los peticionarios adquirieron derechos, puesto que tal revocación fué adoptada negando a los peticionarios el debido proceso de ley y como resultado de influencia ilegal e indebida ejercitada por el Municipio de Río Piedras y/o su Alcalde sobre la querellada; y (5) que la Junta cometió error al aprobar el proyecto de ampliación del cementerio, careciendo ella del poder de reglamentación en cuanto a éstos.

■ Ahora bien, por Ley núm. 166 de 10 de mayo de 1945 (pág. 579) la Asamblea Legislativa de Puerto Rico asignó la suma de $8,000, o la parte de la misma que fuere necesaria, para que el Comisionado del Interior adquiera terrenos colindantes con el cementerio de Río Piedras, para ensancharlo y ampliarlo, y dispuso que una vez adquiridos los mismos dicho funcionario los traspasará al Municipio de Río Piedras para los fines indicados. También se proveyó en la indicada Ley que "Por la presente se declaran de utilidad pública los terrenos y sus accesorios necesarios para cumplir con los propósitos de esta Ley, y el Comisionado del Interior podrá radicar y tramitar los procedimientos de expropiación forzosa, sin la previa declaración de utilidad

pública provista por la Ley General de Expropiación For-
zosa.''

· Posteriormente se aprobó por la Asamblea Legislativa la
Ley núm. 354 de 18 de abril de 1946 (pág. 961), en el artículo
1 de la cual se asigna para el fin ya especificado la suma adi-
cional de $15,000, o la parte de la misma que fuere necesa-
ria, y al igual que en la ley anterior se hace constar que
una vez adquiridos los terrenos los mismos debían ser tras-
pasados por el Comisionado del Interior al Municipio de
Río Piedras para los fines indicados y se declaran de utili-
dad pública los terrenos y sus accesorios, necesarios para
cumplir los propósitos de dicha ley.

En 26 de agosto de 1945 se dirigió el Comisionado del In-
terior de Puerto Rico al Presidente de la Junta de Planifi-
cación, Urbanización y Zonificación sobre la ampliación del
aludido cementerio. En su carta el Comisionado le indica
a la Junta que de acuerdo con la Ley núm. 166 de 1945 su
Departamento está facultado para adquirir terrenos colin-
dantes con el actual cementerio de Río Piedras y que para
su ampliación se ha asignado por dicha Ley la suma de
$8,000; que su Departamento ha designado un ingeniero
para iniciar las gestiones preliminares y que éste ya ha ce-
lebrado entrevistas con el Alcalde y con el Director de Obras
Públicas de Río Piedras, ha visitado los terrenos adyacen-
tes al cementerio y ha recogido la información pertinente,
la que le incluye para evitar repeticiones. También le acom-
paña un croquis del cementerio actual y de los terrenos co-
lindantes, para que sirvan de ilustración a la Junta en su
investigación y estudio. Termina manifestando que ''Siendo
nuestra creencia, que la información así remitida cubre los
requerimientos de esa Junta para el asunto en considera-
ción, esperamos que ustedes estén en condiciones de en breve
tiempo, rendir un informe a este Departamento sobre el re-
sultado de la investigación y estudio, de acuerdo con las dis-
posiciones de Ley creando dicha Junta.''

En el expediente que sobre ampliación del cementerio de Río Piedras se lleva en la Junta de Planificación, Urbanización y Zonificación bajo el Núm. 7–60–c–1071r, y que ha sido elevado a este Tribunal a virtud de la resolución de 2 de mayo de 1947 a que ya hemos hecho referencia, aparece correspondencia adicional cursada entre el Comisionado del Interior y la Junta de Planificación sobre este asunto, así como copia certificada de la resolución dictada por la Junta en 24 de julio de 1946.   Ésta textualmente copiada reza así:

"Ampliación al Cementerio de Río Piedras

"*El Departamento del Interior, cumpliendo con las disposiciones del artículo 22 de la Ley núm. 213 de 1942 y el Reglamento de Planificación núm. 2, sometió a la consideración de esta Junta el Proyecto núm. 7–60–c–1071r para la ampliación del cementerio de Río Piedras.*

"En agosto 26, 1945 esta Junta fué consultada sobre la adaptabilidad de los terrenos adyacentes al actual cementerio de Río Piedras para la ampliación de dicho cementerio para lo cual la Ley núm. 166 de 1945 asignaba la cantidad de $8,000.

"En abril 18, 1946 la Asamblea Legislativa aprobó la Ley núm. 354 asignando la cantidad adicional de $15,000 para la adquisición de los terrenos para el ensanche del cementerio de Río Piedras.

"En febrero 4, 1946 el Departamento del Interior, por mediación del señor Martorell, Director de la División de Edificios Públicos y Obras Municipales, presentó el proyecto núm. 1071r para la adquisición de 25.14 cuerdas para la ampliación del cementerio de Río Piedras.

"Sobre la base de los datos de los censos de 1930 y 1940 y la tendencia observada del crecimiento poblacional de Río Piedras, el cálculo preliminar de la población de Río Piedras para 1960 ascenderá a 271,000 personas, lo cual hace concluir que el área asignada por la Ley núm. 166 de 1945 pára la ampliación del cementerio es insuficiente.

"Aunque de materializarse el cálculo de población hecho por esta Junta, el terreno sometido sería insuficiente, la Junta lo aprueba, tomando en consideración la tendencia descendente en la mortalidad y la urgencia de la extensión del actual cementerio; y recomienda a la Administración tener presentes estos hechos para ampliar dicho cementerio a la capacidad necesaria.

"En este proyecto se solicitan 25.14 cuerdas las que se consideran suficientes para futuras necesidades.

"El predio que se utilizará para la ampliación de este cementerio se halla adyacente al viejo cementerio y separado del mismo por un camino abandonado de la Estación Experimental y está al Oeste de dicho cementerio y al Norte de la Carretera núm. 46.

*"Por la presente y tomando en consideración lo anteriormente expuesto la Junta de Planificación, Urbanización y Zonificación de Puerto Rico* APRUEBA *el Proyecto núm. 7–60–c–1071r para la ampliación al cementerio de Río Piedras, ya que el mismo no está en conflicto con el Plano Regulador de esta Junta hasta donde ha sido adoptado o estudiado hasta la fecha."* (Bastardillas nuestras).

Conforme indica la anterior resolución, el Departamento del Interior sometió a la Junta el referido proyecto cumpliendo con las disposiciones del artículo 22 de la Ley y con el Reglamento de Planificación núm. 2, y la Junta meramente aprobó el proyecto por no estar el mismo en conflicto con el Plano Regulador.

Dispone la Ley núm. 213 de 12 de mayo de 1942 (pág. 1107) en su artículo 8, según ha sido enmendado por la núm. 155 de 14 de mayo de 1943 (págs. 489, 491), que: "La Junta preparará y adoptará un Plano Regulador, el cual indicará, con cualesquier mapas, cartas y material explicativo que le acompañen, las recomendaciones de la Junta para el desarrollo de Puerto Rico . . .". Provee asimismo dicho artículo que: "La Junta incluirá en su Plano Regulador las áreas urbanas, suburbanas y rurales de la Isla, . . .". También dispone la Ley núm. 213 de 1942, según fué enmendada por la núm. 155 de 1943, supra, en su artículo 22, que: "El Plano Regulador estará a la disposición de la Asamblea Legislativa y de todos los funcionarios y organismos oficiales de Puerto Rico y de los funcionarios y organismos federales, así como de cualquier persona particular en el ejercicio de sus poderes, derechos y deberes respectivos relativos a los asuntos contenidos en el mismo, y no se autorizará, ayudará o emprenderá, ni en todo ni en parte, ninguna me-

jora, adquisición, venta o cambio en los usos de terrenos u otras propiedades del Pueblo de Puerto Rico o de cualquier servicio público, de propiedad pública o privada, por ningún funcionario u organismo ejecutivo de Puerto Rico, a menos que la posición, naturaleza y extensión propuestas para los mismos, no esté en conflicto con lo indicado en dicho plano regulador, y se hayan sometido a la Junta y hayan sido aprobadas por ésta, o, si la Junta las hubiera rechazado, hayan sido sometidas a la aprobación y aprobadas por el Consejo Ejecutivo, o hayan sido o sean autorizadas, en términos específicos y para ubicación definida, por ley.''

Fué precisamente acogiéndose a lo dispuesto por el artículo 22 de la Ley que el Comisionado del Interior se dirigió en repetidas ocasiones a la Junta recurrida para que aprobara el proyecto de ampliación. La Junta actuó de conformidad. Al así hacerlo, el Comisionado del Interior sólo cumplió, repetimos, con lo provisto por el artículo 22 y la Junta al aprobar la solicitud de ampliación del cementerio tan sólo determinó que tal solicitud de ampliación no estaba en conflicto con el Plano Regulador por ella aprobado.

La aprobación por la Junta de la solicitud hecha por el Comisionado en este caso no tiene en verdad el alcance que le atribuye la peticionaria. Por sus propios términos, la misma no dejó sin efecto la resolución por ella dictada en 16 de enero de 1946 a instancias de la Long Construction Company. Únicamente cumplió con la ley, es decir tan sólo determinó que la solicitud debía ser aprobada por no estar la misma en conflicto con su Plano Regulador.

■ Si con la mera aprobación por la Junta del desarrollo preliminar de urbanización a que se refieren los peticionarios, éstos adquirieron o no algunos derechos; si la resolución sobre ampliación del cementerio es o no irrazonable y arbitraria; si los terrenos para tal ampliación del cementerio son o no colindantes; y si hubo o no influencia ilegal o indebida de parte del Municipio de Río Piedras son todas

cuestiones que no es necesario resolver en este recurso. Tal vez las mismas, puedan ser suscitadas en su día en la corte inferior en el pleito de expropiación forzosa que se radique.(²)

Por otra parte, tratándose de una petición ajena, separada e independiente de la hecha en enero 15 de 1945 por la Long Construction Company sobre el desarrollo preliminar de cierta urbanización, en que sólo se determinaba si la solicitud de ampliación del cementerio de Río Piedras estaba o no en conflicto con el Plano Regulador, no existía deber alguno de parte de la Junta de Planificación de notificar a los peticionarios de la aludida solicitud. Fué una cortesía de su parte dirigirse al Sr. Fullana, representante de la Long Construction Company, en 1 de marzo de 1946 informándole de la radicación del Proyecto 1071r y recomendándole aclarara la situación con el Alcalde de Río Piedras, así como al conceder a los peticionarios una vista y la oportunidad de ser oídos en respuesta a la moción de reconsideración por ellos radicada.

*Debe confirmarse la resolución dictada por la Junta en 24 de julio de 1946.*

El Juez Asociado Sr. De Jesús no intervino.

---

(²) Aunque en su resolución de 24 de julio de 1946 la Junta hace constar que el predio objeto de la misma se halla adyacente al viejo cementerio de Río Piedras pero separado del mismo por un camino abandonado de la Estación Experimental y que tal predio se ajusta a lo provisto por las leyes de 1945 y 1946 citadas en el curso de esta opinión, ella no tenía autoridad para hacer tal determinación. Ésa es cuestión que ha de ser resuelta por el Tribunal de Distrito en el procedimiento de expropiación que se radique.